# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SCOTT TRAMMELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:16-cv-0756 |
| v. ) | JUDGE CRENSHAW |
| ) | |
| STATE OF TENNESSEE *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Scott Trammell, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed a complaint against numerous government entities and officials purported to assert claims under 42 U.S.C. § 1983 and demanding immediate release from custody under 28 U.S.C. § 2254. The complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.   Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint or any portion thereof that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A.

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.)(citing Twombly, 550 U.S. at 556).

In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**II.    Factual Allegations**

Plaintiff names the following as defendants: the State of Tennessee, Tennessee Attorney General Herbert H. Slatery III, TDOC, TDOC Commissioner Derrick Schofield, TDOC Sentence Analyst II Melinda Toney, the Tennessee Board of Probation and Parole ("TBPP"), parole officer Peggy Smith, the Polk County Sheriff's Department and Polk County Municipal Government, Polk County employees Jan Johnson and Teresa Hammonds, the McMinn County Municipal Government, and McMinn County Sheriff's Deputies John Does 1, 2, 3, and 4. Plaintiff specifically purports to name each of the natural-person defendants in their "official capacity" only. (Doc. No. 1, at 1–2.)

Plaintiff pleaded guilty on August 12, 2013 in Polk County Criminal Court, case number 13-CR-050, to a charge of theft of property and was sentenced to four years of incarceration as a "standard" offender with a thirty-percent release eligibility. (Judgment, Doc. No. 1, at 24.) The sentence was to be served concurrently with "13-CR-049 and Bradley County VOP 10-276; Hamilton County VOP 10-203, 10-279."[1] (Id.) Plaintiff received pretrial jail credit from January 15, 2013, the date of arrest, through August 12, 2013, the date of sentencing. (Id.; see also Compl., Doc. No. 1, at 7.) He remained in the Polk County Jail until June 5, 2014, a total of seventeen months.

On June 5, 2014, Plaintiff was released from the Polk County Jail by Jan Johnson, an employee of the Polk County Sheriff's Department. Johnson gave Plaintiff a release report showing a sentence expiration date of June 5, 2014. (Compl. Ex. 3, Doc. No. 1, at 25.) The "History Arrest/Booking Report" attached to the Complaint reflects that Plaintiff was released to "Hamilton Co." after serving 506 days on 13-CR-050 and that his release type was based on "served sentence." (Id.)

Plaintiff states that he then served seventy-five days in Hamilton County before being released from the Hamilton County Jail on August 5, 2014.[2] His probation from the Hamilton County conviction was reinstated and transferred back to the Polk County division of the TBPP. Beginning shortly after his release from the Hamilton County Jail and continuing for the next fifteen months, Plaintiff regularly met with his probation officer, Peggy Smith. During that time, Plaintiff found a job and remained employed, was active in church, and worked on his relationship with his two children.

---

[1] The Court takes notice that the term "VOP" refers to violation of probation.

[2] The Court observes that Plaintiff could not have served seventy-five days during the sixty-four day period between June 5, 2014 and August 5, 2014.

3

On November 13, 2015, Melinda Toney, TDOC Sentence Analyst II, sent an email to Polk County Jail Administrator Teresa Hammonds, requesting that she

> Please void the letter of expiration that I sent on him [Plaintiff] on 06/06/2014. At the time the letter was sent, we did not know about the Polk County case 13CR050. Our office just received a copy of this case and we have entered it into TOMIS. Offender was released in error and will need to be picked up ASAP.

(Compl., Doc. No. 1, at 8; Compl. Ex. 4, Doc. No. 1, at 26.)

On the same date, according to Plaintiff, Toney went into TDOC's TOMIS system and issued a "Judgment Order" for Plaintiff's Polk County conviction, without an actual court order. (See Judgment Order Change, Compl. Ex. 5, Doc. No. 1, at 27.) Also on November 13, 2015, Toney emailed Hammonds to instruct her to use the Judgment Order to authorize taking Plaintiff back into custody because he "still ha[d] time to serve." (Compl., Doc. No. 1, at 8.)

Plaintiff, unaware of that development, planned to meet with Smith, his probation officer, one last time before his probation on the Hamilton County sentence expired. When Plaintiff arrived at the designated meeting spot within McMinn County, he was "swarmed" by John Does 1, 2, 3, and 4, all deputies with the McMinn County Sheriff's Department, and arrested without a warrant, affidavit of complaint, or written order by a judicial officer. (Id.) The deputies told Plaintiff he was being "re-arrested" on "warrant # 13-CR-050 by the Polk County Sheriff's Department." (Id.)

John Does 1, 2, 3, and 4 transferred Plaintiff into the custody of the Polk County Sheriff's Department. Upon Plaintiff's arrival back at the Polk County Jail, Teresa Hammond told him that he had been released too early and owed more time on his sentence, but she had no idea how much time or why he was re-arrested.

On November 30, 2015, Hammond showed Plaintiff a TOMIS report showing his sentence expiration date was January 7, 2016 and told him he should be released on that date.

4

(Compl. Ex. 8, Doc. No. 1, at 30.) However, on December 21, 2015, Plaintiff was placed in TDOC custody at Bledsoe County Correctional Complex, where he was told that 533 days of "dead time" had been added to his sentence so that his new expiration date was June 12, 2017. (Compl. Ex. 9, Doc. No. 1, at 31.)

Plaintiff asserts that Melissa Toney participated in a conspiracy to interfere with his due-process rights by fabricating a contact report entered on TOMIS on November 23, 2015. This contact note states:

> On 8/5/14 the subject [Plaintiff] was released from the Hamilton County Jail, even though subject had a 4 year sentence to serve in Polk County that had not been flattened. This was discovered when a Hamilton County VOP was being completed based [o]n alleged threats the subject had made to a victim who had contacted TDOC about the threats. A copy of the Polk County judgment was not included in the file, so when this was discovered and presented to sentence management, it was ordered that subject be placed under arrest and transported to the Polk County Jail in order to complete his sentence.

(Compl. Ex. 10, Doc. No. 1, at 32.) Plaintiff asserts that this report was untrue, because his three-year Hamilton County sentence had completely expired and he was no longer on probation for that sentence at the time he was picked up, and he had not violated probation. He specifically denies making any "threats," as Toney claimed in the report, and that the alleged victim reported any such threats. The plaintiff alleges that TDOC, Toney, TBPP, and Smith intentionally rehearsed with McMinn and Polk County authorities the procedure they wanted to follow to justify an arrest without an affidavit of complaint or order from a court with jurisdiction.

Plaintiff alleges that a VOP warrant was issued on the basis of Toney's fabricated report; elsewhere he alleges that he was arrested without a warrant. He also alleges that he was never taken before a magistrate upon being arrested in November 2015 and never received a hearing on the purported revocation of probation as required by law. He asserts that "Defendants failed to

comply with the specific legal requirements and provisions upon his search, seizure and arrest" and that they acted in the absence of jurisdiction. (Compl., Doc. No. 1, at 10.)

Plaintiff asserts that the State of Tennessee, TDOC, Polk County, McMinn County and their agents lacked authority to fabricate false information to support the Hamilton County VOP warrant or to use false information to arrest Plaintiff nearly a year and a half after his release, that they conspired to interfere with his constitutional rights, and that it is "customary practice at TDOC's Sentence management, and [TBPP] to infringe and interfere with [Plaintiff's] rights to due process." (Compl., Doc. No. 1, at 11.) He asserts that Defendants "rendered it practically impossible for Plaintiff to seek . . . judicial redress for these constitutional infringements." (Id.) He specifically asserts that Tennessee statute creates a liberty interest in being brought before a magistrate before being committed to prison but that, in his case, no effort was made to bring him before a magistrate before he was recommitted to prison.

Plaintiff asserts damages in the form of "past and future pecuniary losses, emotional distress, mental anguish, humiliation," and so forth, as well as "non-pecuniary losses" for which he is seeking immediate injunctive and declaratory relief. In the "Prayer for Relief" section of his complaint, however, Plaintiff specifically requests only a declaration that Defendants' practices violated his constitutional rights and an injunction "order[ing] the immediate release of Scott Trammell by writ of habeas corpus pursuant to 28 U.S.C. § 2254, because his Polk County sentence expired on 1/07/2016, before the Defendants illegally added 533 days to the back of his sentence." (Doc. No. 1, at 21.) Plaintiff does not seek to recover monetary damages.

**III.     Discussion**

Generally speaking, to state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

Although Plaintiff framed his complaint as a § 1983 action, each of his claims attacks, in essence, the validity of his incarceration, and the primary form of relief sought is immediate release from custody. The proper method for seeking release from custody is through filing a petition for the writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus."). Section 1983 is not a permissible alternative to the traditional remedy of habeas corpus. (Id.); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." (internal quotation marks and citations omitted)). Thus, because Plaintiff seeks relief in the form of release from custody and a declaration that his re-arrest and re-incarceration violated his due-process rights, this action should have been filed as a petition for the writ of habeas corpus rather than a civil rights action under § 1983.

The district court does not have the discretion to construe a civil rights complaint as a habeas corpus petition, particularly when the Court has no information or incomplete

information regarding whether the plaintiff exhausted his remedies in the state courts, as required by 28 U.S.C. § 2254(b). Parker v. Phillips, 27 F. App'x 491, 494 (6th Cir. 2001); see also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) ("When a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit instead, it should not be 'converted' into a habeas corpus suit and decided on the merits."). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. Pischke, 178 F.3d at 500.

In this case, although Plaintiff actually states that he seeks "immediate release . . . by writ of habeas corpus pursuant to 28 U.S.C. § 2254" (Compl., Doc. No. 1, at 21), and also asserts that he has "exhausted all available administrative remedies . . . pursuant to 42 U.S.C. § 1997(e)(a)" (Comp., Doc. No. 1, at 3), the Court nonetheless finds that Plaintiff has not adequately pleaded exhaustion for habeas corpus purposes. Section 1997e(a), which Plaintiff cites, does not apply to habeas petitions, and Plaintiff shows only that he filed a petition for a declaratory order, which TDOC denied. (Doc. No. 1, at 23.) Plaintiff has not shown that he appealed that denial to the Tennessee state courts. See Mandela v. Tenn. Dep't of Corr., No. M2010-00829-COA-R3CV, 2011 WL 3274155, at *5 (Tenn. Ct. App. July 29, 2011) ("It is well settled that an inmate may seek judicial review of TDOC's calculation of his prison sentence . . . pursuant to the Tennessee Administrative Procedures Act, Tennessee Code Annotated § 4-5-101, et seq."). Such judicial review is generally sought by filing suit in Davidson County Chancery Court. See Tenn. Code Ann. §§ 4-5-223(a)(1), 4-5-322(b)(1). Judgement in that court may be appealed to the Tennessee Court of Appeals. It is therefore not clear that Plaintiff has fully exhausted his claims.

## IV. Conclusion

Accordingly, the complaint will be dismissed without prejudice and with leave to bring an action under 28 U.S.C. § 2254 once Plaintiff has fully exhausted state-court remedies.

All other pending motions will be denied as moot.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE